259 N.J. Super. 594 (1992)
614 A.2d 1077
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RICARDO A. LAVOY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted September 15, 1992.
Decided October 22, 1992.
*596 Before Judges ANTELL, DREIER and SKILLMAN.
Zulima V. Farber, Public Defender, attorney for appellant (James K. Smith, Jr., Deputy Public Defender, of counsel and on the brief).
*597 John J. Fahy, Bergen County Prosecutor, attorney for respondent (John J. Scaliti, Assistant Prosecutor, of counsel and on the brief).
The opinion of the court was delivered by SKILLMAN, J.A.D.
This appeal involves the procedure to be followed in taking a plea of guilty to a violation of probation, specifically the applicability to probation violation proceedings of Rule 3:9-2, which requires the court to address the defendant personally before accepting a plea.
Defendant pled guilty pursuant to a plea bargain to burglary of a motor vehicle, in violation of N.J.S.A. 2C:18-2, and theft of a motor vehicle, in violation of N.J.S.A. 2C:20-3, and was sentenced to five years of probation, conditioned on his serving a 364 day term of imprisonment, obtaining full-time steady employment and receiving psychiatric counseling.
Defendant was charged with having violated probation by, among other things, failing to report to his probation officer, moving without notifying his probation officer, failing to obtain full-time steady employment and failing to receive psychiatric counseling. When the charges were heard, the court failed to address defendant. Instead, after the probation officer read the charges, defense counsel simply stated that "[d]efendant acknowledges his guilt." Defense counsel also noted that "apparently this Defendant was ... released from jail before he had signed any kind of probation papers indicating what the terms and conditions of probation are." In addition, defense counsel noted that defendant suffers from "a serious psychiatric problem" which manifests itself in his frequent theft of large trucks, and that "even right now he was taken to Bergen Pines based on this kind of psychiatric condition." The trial court responded by observing, "I think he has a medical condition, too." After hearing the comments of the prosecutor and probation officer regarding the sentence to be imposed for the *598 violation of probation but without addressing defendant, the trial court sentenced defendant to a five year term of imprisonment.
Defendant appealed to this court, which heard the matter on its excessive sentence calendar. R. 2:9-11. We concluded in an unreported opinion that the trial court had failed to afford defendant his right of allocution, as required by R. 3:21-4(b). State v. Lavoy, A-2202-90T4. Accordingly, we vacated defendant's sentence and remanded for resentencing.
Upon remand, when defendant was given the opportunity to address the court, he stated:
I just wanted to make a statement regarding my case. I feel that [defense counsel] has made an error as far as him saying that I acknowledge my guilt of the violation of probation. I feel that I did not sign the paperwork and I want to make a plea that I am not guilty of the violation of probation because of this.
In addition, defense counsel suggested that he had pled his client guilty to the violation of probation without his authorization:
I think, Judge, the record will bear that out, that he himself had never expressed his guilt to the charge of a violation of probation, ... and, in fact, he did mention to me that he did not sign the Rules & Conditions of Probation; that he didn't know what to do as far as Probation was concerned, and that I apparently, Judge, at that stage, had not taken that statement by him too seriously when I did plead him guilty to a violation of probation....
The probation department acknowledged that defendant had not signed the rules and conditions of probation before he was released on probation. However, the trial court refused to consider defendant's motion to withdraw the guilty plea made on his behalf by his attorney, stating that the motion is "out of time" and that there is no basis for withdrawing the plea because defendant had "an additional conviction."[1] Although the court did not resentence defendant on the record, it entered *599 a new judgment of conviction which reimposed a five year term of imprisonment. Defendant appeals and we reverse.
The trial court committed several errors in its conduct of the proceedings on remand. First, although we remanded for the express purpose of affording defendant an opportunity for allocution, defendant was never given a fair opportunity to address the court regarding his sentence. When the court gave defendant an opportunity to speak, he asserted that his attorney had not been authorized to enter a guilty plea on his behalf and attempted to withdraw the plea, but he said nothing regarding the subject of sentencing. And when the court ultimately denied defendant's motion to withdraw his plea, it did not afford him a fresh opportunity to speak regarding his sentence. This failure constituted a denial of defendant's right of allocution. In addition, despite the fact that we vacated defendant's sentence on his first appeal, the trial court did not resentence defendant on the remand, but instead simply entered a new judgment of conviction reimposing the same sentence. Therefore, even if no other error had been committed, we would be required to vacate defendant's sentence and again remand for resentencing.
In any event, we conclude that defendant's conviction for violating the terms of his probation must be reversed because defendant himself never pled guilty to a violation of probation and defense counsel's purported guilty plea on defendant's behalf did not bind his client.
Rule 3:9-2 provides in relevant part:
The court ... shall not accept [a guilty] plea without first addressing the defendant personally and determining by inquiry of the defendant ... that there is a factual basis for the plea and that the plea is made voluntarily, not as the result of any threats or of any promises or inducements not disclosed on the record, and with an understanding of the nature of the charge and the consequences of the plea.
The requirement that the court personally address the defendant before accepting a guilty plea is designed to assure that the defendant understands the charges, that a factual basis for *600 the plea exists and that the plea is voluntary. State v. Barboza, 115 N.J. 415, 420-21, 558 A.2d 1303 (1989); see also State v. Smullen, 118 N.J. 408, 414-15, 571 A.2d 1305 (1990). This requirement also protects the State from a defendant's subsequent attempt to retract his plea on the ground that he is innocent or did not understand the consequences of his plea or that the prosecutor or his own attorney improperly induced him into pleading guilty. State v. Barboza, supra, 115 N.J. at 421, 558 A.2d 1303; see 31 N.J. Practice, Criminal Practice and Procedure §§ 420-427 (Leonard N. Arnold) (rev. 2d ed. 1980).
A charge of a violation of probation is not a criminal prosecution but rather "a part of the corrections process." State v. Reyes, 207 N.J. Super. 126, 134, 504 A.2d 43 (App.Div.), certif. denied, 103 N.J. 499, 511 A.2d 671 (1986). Therefore, a defendant accused of violating the terms of probation is not entitled to indictment or trial by jury, State v. Zachowski, 53 N.J. Super. 431, 440, 147 A.2d 584 (App.Div. 1959), and he may be found guilty by a simple preponderance of the evidence. State v. Reyes, supra, 207 N.J. Super. at 134-37, 504 A.2d 43. Furthermore, a violation of probation may be based on hearsay evidence which would be inadmissible in a criminal trial. Id. at 138-39, 504 A.2d 43.
But while a charge of a violation of probation is not a criminal prosecution, it may result in a loss of liberty. Consequently, the United States Constitution requires a defendant charged with a violation of probation to be accorded due process of law. Gagnon v. Scarpelli, 411 U.S. 778, 781-82, 93 S.Ct. 1756, 1759-60, 36 L.Ed.2d 656, 661-62 (1973). The Code of Criminal Justice codifies and to some extent expands upon the due process rights guaranteed by the Constitution by providing that an accused probationer is entitled to "a hearing upon written notice to the defendant of the grounds on which such action is proposed, ... the right to hear and controvert the evidence against him, to offer evidence in his defense, and to be *601 represented by counsel." N.J.S.A. 2C:45-4; see State v. Reyes, supra, 207 N.J. Super. at 134, 504 A.2d 43.
Although Rule 3:21-7(c) reflects the court's statutory authority to revoke probation, the court rules do not include separate rules for the conduct of probation revocation proceedings. Some procedural provisions relating to probation violation proceedings are set forth in Code, including authorization for issuance of a summons or arrest warrant, N.J.S.A. 2C:45-3a(1), for arrest without a warrant, N.J.S.A. 2C:45-3a(2), and for committing a probationer without bail pending a determination of charges, N.J.S.A. 2C:45-3a(3). In addition, as previously noted, the Code provides that an accused probationer is entitled to a written notice of charges and counsel. N.J.S.A. 2C:45-4. However, the Code does not set forth a complete procedural framework for probation violation proceedings.
Additional procedural rules for the conduct of probation violation proceedings are provided by the rules governing criminal practice, R. 3:1-1 to 3:29. Although these rules only govern "criminal proceedings" and "juvenile delinquency proceedings," and we have said that a probation violation proceeding is not a "stage in a criminal prosecution," State v. Reyes, supra, 207 N.J. Super. at 134, 504 A.2d 43, we are nevertheless satisfied that a probation violation proceeding is a "criminal proceeding" within the intent of Rule 3:1-1. Probation, and the revocation of probation, are expressly authorized and controlled by the Code of Criminal Justice. Moreover, our courts have recognized that in some respects probation revocation proceedings constitute a resumption of criminal proceedings against a defendant. See State v. Baylass, 114 N.J. 169, 553 A.2d 326 (1989); State v. Louis, 97 N.J. Super. 35, 234 A.2d 240 (App.Div. 1967). Therefore, the rules governing criminal practice, including the rules governing warrants and summons, R. 3:3-1 to -4, procedures after arrest, R. 3:4-1, sentencing, R. 3:21-4, -5, -7, -8, -10, and post-conviction relief, R. 3:22, apply in appropriate circumstances to probation violation proceedings.
*602 The issue presented by this appeal is whether the court rule pertaining to pleas, R. 3:9-2, in particular the requirement that the court address the defendant personally before accepting a plea, is applicable to probation violation proceedings. We perceive no practical difference between a plea to a criminal charge and a plea to a violation of probation. There is the same need in the case of a plea to a violation of probation as with any other guilty plea to obtain a factual basis for the plea and to establish that the defendant is pleading voluntarily and knowingly. There is also the same risk that a defendant who has pled guilty without being personally addressed by the court will later attempt to disavow the plea on the ground that he is innocent of the charges or that he did not authorize entry of the plea.
This case is illustrative of the problems which can develop when a court accepts a guilty plea without addressing the defendant personally. Defendant asserts that he never authorized his attorney to enter a plea to the violation on his behalf, and his attorney apparently supports this assertion. Moreover, defendant now raises at least a colorable defense to the charges by asserting that he never signed the conditions of probation, as required by R. 3:21-7(a). See State v. Ervin, 241 N.J. Super. 458, 469, 575 A.2d 491 (App.Div. 1989), certif. denied, 121 N.J. 634, 583 A.2d 328 (1990).[2] If the court had addressed defendant personally before accepting the plea, it could have established whether defendant wished to plead guilty despite the availability of this defense. The court also could have determined whether defendant's psychiatric condition, or any medication he might be taking for that condition, prevented him from understanding the charges against him or the consequences of his plea, or might provide a basis for a defense to the charges.
*603 Therefore, we conclude that Rule 3:9-2 applies to probation violation proceedings and that the guilty plea to the violation of probation entered on defendant's behalf by his attorney was ineffective because the court failed to address defendant personally.
Accordingly, we reverse the judgment of conviction of a violation of probation and remand for a new hearing on the probation violation charges.
NOTES
[1] There is no evidential basis for the trial court's statement that defendant had an "additional conviction." The probation violation complaint did not allege that defendant had been convicted of any further offense; the State did not present evidence of any further conviction; and the judgment finding defendant in violation of probation does not refer to an additional conviction.
[2] In view of our conclusion that defendant's conviction of a violation of probation must be reversed because he did not personally plead guilty, we do not consider the consequences of defendant's apparent failure to sign the conditions of probation.