690 A.2d 1082

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
OSCAR WILLIAMS, JR., DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted March 11, 1997—Decided April 1, 1997.

Before Judges DREIER, NEWMAN and VILLANUEVA.

*Susan L. Reisner*, Public Defender, attorney for appellant (*Michael C. Kazer*, Designated Counsel, on the brief).

*Peter Verniero*, Attorney General, attorney for respondent (*Arthur S. Safir*, Deputy Attorney General, of counsel and on the brief).

The opinion of the court was delivered by

NEWMAN, J.A.D.

Defendant, Oscar Williams, Jr., appeals from the imposition of an extended term of ten years' imprisonment with a five-year period of parole ineligibility, to which he was resentenced after he violated probation by being convicted of multiple other offenses. We affirm.

These are the facts. On May 18, 1990, defendant was indicted on four counts of third-degree burglary, *N.J.S.A.* 2C:18–2 (Counts 1, 3, 5 and 7) and four counts of third-degree theft, *N.J.S.A.* 2C:20–3 (Counts 2, 4, 6 and 8). On September 17, 1990, defendant pled guilty to Count 7 of the indictment. Under the negotiated plea, defendant agreed to be sentenced as a persistent offender to an extended term of ten years with a five-year period of parole ineligibility, and the State agreed to dismiss the remaining counts of the indictment. Further, the State then agreed not to contest defendant's application for reduction of his sentence to a five-year probationary term if defendant had been accepted into a substance abuse rehabilitation program at the time he made his motion.

On November 2, 1990, the court sentenced defendant to ten years' imprisonment with a five-year parole disqualifier, in accordance with the plea agreement. At sentencing, the trial judge said the following:

> You're 27 years of age. You've executed a stipulation for an extended term which increases and enhances the penalties on the third-degree crime to which you pled guilty. You're in good health. You do have the drug problem. Single, high school graduate, plus a year of college. You served in the Army.

> Aggravating factors are your record. There were several juvenile convictions, five Superior Court convictions and a number of municipal court convictions, so your record, past criminal record, [is] an aggravating factor as is the risk of another offense and need for deterrence.

Ten months later, on September 3, 1991, defendant moved for reconsideration of the sentence pursuant to *R.* 3:21–10(b)(1). The motion was granted. Defendant was resentenced to a five-year term of probation, a condition of which was the successful completion of the inpatient drug rehabilitation program run through P.O.S.T. House in New Lisbon.

A little over a year later, on November 30, 1992, defendant was arrested for burglary and theft. On November 15, 1993, the Camden County Probation Department filed a petition of violation of probation, listing five grounds for violation: failure to remain arrest free, failure to enter an inpatient drug treatment program, failure to enter an intensive outpatient drug treatment program, failure to comply with urine monitoring on November 24, 1992 and failure to report to Probation on September 1, 1992. On August 4, 1994, a sixth ground was added to the petition: conviction of four counts of third-degree burglary and three counts of third-degree theft arising out of defendant's November 1992 arrest.

At the probation violation hearing on September 30, 1994, the State withdrew the first five grounds listed in the violation petition, relying solely on defendant's convictions while on probation. The trial judge terminated probation and reimposed the original sentence of ten years with a five-year parole disqualifier, to run concurrent with the sentence imposed on the new convictions. The trial judge credited defendant for the time he had already

served. The judge did not reiterate the aggravating or mitigating factors or place his reasons for the sentence on the record.

On appeal, defendant raises the following points:

POINT I

THE IMPOSITION OF THE EXTENDED TERM TEN (10) YEAR SENTENCE WITH THE EXTENDED TERM OF PAROLE INELIGIBILITY OF FIVE (5) YEARS ON THE VIOLATION OF PROBATION WAS MANIFESTLY EXCESSIVE AND REPRESENTS AN ABUSE OF DISCRETION BY THE SENTENCING COURT.

A. THE COURT FAILED TO PROPERLY "RESENTENCE" DEFENDANT ON THE VIOLATION OF PROBATION.

B. THE COURT ABUSED ITS DISCRETION IN SENTENCING DEFENDANT AS A PERSISTENT OFFENDER.

C. THE COURT ABUSED ITS DISCRETION BY FAILING TO STATE ITS REASONS FOR IMPOSING A FIVE (5) YEAR PAROLE DISQUALIFIER ON THE VIOLATION OF PROBATION.

POINT II

THE TRIAL COURT VIOLATED DEFENDANT'S RIGHT TO DUE PROCESS OF LAW BY BASING ITS FINDING THAT DEFENDANT VIOLATED THE TERMS OF PROBATION SOLELY ON A SUBSEQUENT CONVICTION WHICH WAS UNDER APPEAL.

Defendant argues in Point I that the trial judge erred in sentencing him on the violation of probation. Defendant argues that the trial judge merely reimposed the original sentence without an accompanying statement of reasons for the term of imprisonment and period of parole ineligibility initially imposed. He further asserts that the trial judge erred in resentencing him as a persistent offender without the appropriate evaluation of aggravating and mitigating factors. He also contends that the imposition of an extended term was illegal because he had already been sentenced to an extended term on the subsequent convictions.

Defendant was found to have violated his probation by the multiple convictions for burglary and theft. If a probationer has been convicted of a crime, the violation of probation is "conclusively presumed." *State v. Zachowski,* 53 *N.J.Super.* 431, 441–42, 147 *A.*2d 584 (App.Div.1959). Once defendant's violation had been determined and probation revoked, he was subject to resentencing. Under *N.J.S.A.* 2C:45–3b, the court "may impose

on the defendant any sentence that might have been imposed originally for the offense for which he was convicted."

Here, the trial judge reinstated the sentence defendant originally received. In so doing, the trial judge did not weigh the aggravating and mitigating factors. Nor was he required to do so. Defendant's original sentence was custodial. He was relieved from that sentence by virtue of a successful *R.* 3:21–10(b)(1) motion. The granting of that motion resulted only in the suspension of the execution of his original sentence pending successful completion of the drug rehabilitation program and probationary term. *State v. Ryan,* 86 *N.J.* 1, 13–14, 429 *A.*2d 332, *cert. denied,* 454 *U.S.* 880, 102 *S.Ct.* 363, 70 *L.Ed.*2d 190 (1981). Thus, when defendant violated his probation he was subject to reincarceration on his original sentence.

Defendant argues that the judge was required under *State v. Baylass,* 114 *N.J.* 169, 553 *A.*2d 326 (1989), and *State v. Molina,* 114 *N.J.* 181, 553 *A.*2d 332 (1989), to weigh the aggravating and mitigating factors prior to resentencing and to impose a new sentence. We think not. The *Baylass/Molina* line of cases applies to an initial violation of probation after defendant was originally sentenced to a probationary term. *State v. Ervin,* 241 *N.J.Super.* 458, 466–67, 575 *A.*2d 491 (App.Div.1989), *certif. denied,* 121 *N.J.* 634, 583 *A.*2d 328 (1990). Under the *Baylass/Molina* rationale, the violation of probation can not be utilized as an aggravating factor, but may only be considered on the relevant mitigating factors. *State v. Baylass, supra,* 114 *N.J.* at 177, 553 *A.*2d 326. The rationale makes sense in a context where a defendant has originally been sentenced to probation. The judge has to readdress the "in/out" decision.

Where, however, defendant was originally sentenced to a custodial term and then placed on probation after a *R.* 3:21–10(b)(1) motion, the rationale is inapplicable. In this setting, the judge has already determined the appropriate custodial term and amended it only to permit enrollment in a drug treatment program.

Here, the trial judge did not find any mitigating factors when defendant was originally sentenced pursuant to the terms of the plea agreement. He did, however, find the aggravating factors of defendant's prior record, risk of a new offense and the need to deter. Those factors were still present when defendant was resentenced following the probation revocation.

■ Furthermore, this defendant could not constitutionally be sentenced to a sentence greater than that originally imposed because of double jeopardy considerations. *State v. Ryan, supra,* 86 *N.J.* at 12–13, 429 *A.*2d 332. Having served part of a custodial sentence, defendant could not be exposed to whatever sentence might be legally authorized, if that sentence represented an increase above the original sentence imposed. *Id.* Defendant was thus protected from an increased sentence, a concern of the Court in *State v. Baylass, supra,* 114 *N.J.* at 175–178, 553 *A.*2d 326, even though in his case it would not have been legally possible to have sentenced him beyond the sentence he received.

The trial judge afforded defendant the opportunity to avoid a custodial term, but his opportunity was conditioned on successfully completing a drug rehabilitation program and the remainder of the probationary term. The hammer of the original sentence was held over defendant's head if he later left the program or violated any condition of probation following the program's completion. Defendant did violate his probation by committing new offenses for which he was convicted. The expectation is that he will be returned to prison to serve out the custodial sentence originally imposed on him. The trial judge's reinstatement of the original sentence fulfilled the expectation.

■ This analysis should not be interpreted to preclude the trial judge from considering defendant's subsequent conduct as a factor during the resentencing determination, even where defendant was originally incarcerated and released from custody similar to this defendant's situation. Indeed, there may be circumstances where mitigating factors can be established that might result in a lesser term being imposed on resentencing, even though probation is

revoked. The nature of the probation violation would, of course, be a key factor. As the *Baylass* court observed, "[s]ome violations are more serious than others." *Ibid.* at 175, 553 *A.*2d 326. Again, this defendant's probation revocation was based on commission of new crimes similar to those he had committed in the past. Here, on a scale of violations, this was probably the worst offense that defendant could have committed because it demonstrated that probation has not worked, and defendant has returned to the same criminal patterns he engaged in before being placed on probation.

■ We further note that even if the trial judge followed the procedure outlined in *State v. Baylass,* the sentence imposed was supported by the aggravating factors which still existed. Moreover, there were no specific mitigating factors identified at the initial sentence, and no new mitigating factors had arisen when defendant was resentenced. Whatever sentencing disposition was made should, however, have been placed on the record and reasons should have been given. *R.* 3:21–4(f); *Cf. State v. Tavares,* 286 *N.J.Super.* 610, 670 *A.*2d 61 (App.Div.), *certif. denied,* 144 *N.J.* 376, 676 *A.*2d 1091 (1996). While the sentencing judge did not do so here, the reasons were so obvious that we need not remand for them to be stated. Defendant did, however, receive substantial consideration when this sentence was run concurrent to the overall fifteen-year term of imprisonment with six years of parole ineligibility imposed on his burglary and theft convictions on September 2, 1994.

■ Defendant's contention that the imposition of an extended term was improper because one had already been imposed on the subsequent convictions by another judge is without merit. *N.J.S.A.* 2C:44–5a(2) provided that "[w]hen multiple sentences of imprisonment are imposed on a defendant for more than one offense ... [n]ot more than one sentence for an extended term shall be imposed." The statute "speaks only to situations where multiple sentences are imposed at the same proceeding for more than one offense." *State v. Reldan,* 231 *N.J.Super.* 232, 238, 555 *A.*2d 653 (App.Div.1989). It does not apply to a situation in which

two different courts have imposed extended terms for different offenses. *Ibid.* Defendant was sentenced on the new convictions and violation of probation at a separate time in a separate proceeding by two different courts. Extended terms could legally be imposed at each separate proceeding.

Defendant argues in Point II that he was denied due process of law when the trial judge found that he had violated the terms of his probation based solely on convictions that were under appeal and could potentially be reversed. We disagree.

Courts consider a violation of probation part of the corrections process rather than the criminal prosecution. Because a loss of liberty may occur, defendants charged with a violation must be accorded their constitutional due process rights. *State v. Lavoy,* 259 *N.J.Super.* 594, 600, 614 *A.*2d 1077 (App.Div.1992) (citation omitted). The Criminal Code provides that accused probationers are entitled to written notice of the grounds of a probation violation charge and a hearing at which they can present evidence in their defense, and, at which, they are represented by counsel. *N.J.S.A.* 2C:45–4.

At a violation of probation hearing, the court must decide two issues: whether a violation of probation occurred and, if so, what to do about it. *State v. Reyes,* 207 *N.J.Super.* 126, 135, 504 *A.*2d 43 (App.Div.), *certif. denied,* 103 *N.J.* 499, 511 *A.*2d 671 (1986). As to the first issue, finding that a violation occurred may be based on hearsay evidence that would be inadmissible at a criminal trial, and the standard of proof is a simple preponderance of the evidence. *State v. Lavoy, supra,* 259 *N.J.Super.* at 600, 614 *A.*2d 1077. By statute, a violation may consist of a failure to comply with the condition of probation or conviction of another offense.

> The court, if satisfied that the defendant has inexcusably failed to comply with a substantial requirement imposed as a condition of the order or if he has been convicted of another offense, may revoke the suspension or probation and sentence or resentence the defendant, as provided in this section. No revocation of

suspension or probation shall be based on failure to pay a fine or make restitution, unless the failure was willful.

[*N.J.S.A.* 2C:45–3a(4).]

Thus, a revocation of probation may be based on far less than a conviction. For example, it may be based solely on evidence of criminal conduct (the failure to comply with a probation condition requiring law-abiding conduct). *State v. Wilkins*, 230 *N.J.Super.* 261, 263, 553 *A.*2d 369 (App.Div.), *certif. denied*, 117 *N.J.* 84, 563 *A.*2d 844 (1989). This permits revocation hearings to proceed in advance of criminal disposition of new charges against the defendant. *State v. Robinson*, 232 *N.J.Super.* 21, 25, 556 *A.*2d 342 (App.Div.), *certif. denied*, 117 *N.J.* 654, 569 *A.*2d 1349 (1989). Although a conviction under appeal may not be used to impeach defendant's credibility at trial, *State v. Blue*, 129 *N.J.Super.* 8, 12, 322 *A.*2d 174 (App.Div.), *certif. denied*, 66 *N.J.* 328, 331 *A.*2d 27 (1974), to serve as an aggravating factor during sentencing or to enhance a sentence under recidivist sentencing schemes, *State v. Biegenwald*, 96 *N.J.* 630, 637, 477 *A.*2d 318 (1984), it may, nonetheless, constitute a violation of probation. *N.J.S.A.* 2C:45–3a(4). If a defendant can be sentenced to jail on a violation of probation for conduct less than a conviction of a crime, *a fortiori*, he or she can certainly be sentenced to jail where a conviction is the basis of the violation.

The trial judge did not infringe upon defendant's due process rights when he sentenced defendant for violation of probation based on convictions which have not run the gamut of the appeal process. If the convictions are later reversed on appeal and those convictions were the sole basis for the violation, defendant can then seek to renew the challenge to his violation of probation, alleging that the basis for the violation no longer exists.

The sentence imposed is affirmed.