SYLLABUS

(This syllabus is not part of the opinion of the Court.  It has been prepared by the Office of the Clerk for the convenience of the reader.  It has been neither reviewed nor approved by the Supreme Court.  Please note that, in the interest of brevity, portions of any opinion may not have been summarized.)

**State v. Rodney Bull** (A-46-15) (075919)

**Argued October 11, 2016 -- Decided January 23, 2017**

**Timpone, J., writing for a unanimous Court.**

In this appeal, the Court determines whether State v. Hudson, 209 N.J. 513, 517 (2012), which found that N.J.S.A. 2C:45-5(b)(1) prohibits the imposition of a second discretionary extended-term sentence for an offense committed before the entry of a first extended-term sentence, should be applied retroactively.

Defendant Rodney Bull was tried and convicted for a series of crimes that occurred within ten days of each other in 1990.  He was charged in two separate indictments.  In May 1991, the trial court sentenced Bull to a discretionary extended term for his convictions under indictment 1896.  In October 1992, the trial court sentenced Bull to a discretionary extended term for his convictions under indictment 1263.

In 2012, Bull filed a motion to correct an illegal sentence, arguing that receipt of two discretionary extended-term sentences constituted an illegal sentence under Hudson.  The trial court denied that motion as well as defendant's motion for reconsideration.

The Appellate Division found that Hudson did not articulate a new rule of law and therefore found a retroactivity analysis unnecessary.  In an unpublished opinion, the panel applied the plain language of N.J.S.A. 2C:44-5(b)(1), vacated the second extended term as an illegal sentence, and remanded for resentencing.

The Court granted the State's petition for certification.  224 N.J. 124 (2016).

**HELD**:  Hudson did not create a new rule; it merely illuminated an old one.  Hudson's illumination of N.J.S.A. 2C:44-5(b) applies to this pre-Hudson case, and defendant must receive a new, legal sentence.

1.  Under Rule 3:21-10(b)(5), "a motion may be filed and an order may be entered at any time" to correct an illegal sentence.  Because defendant's sentence would manifestly violate N.J.S.A. 2C:44-5(b)(1) if imposed today, the Court determines whether Hudson's illumination of that statute applies retroactively to defendant's twenty-year-old sentence.  (p. 6)

2.  The threshold question in a retroactivity analysis is whether a new rule of law has been announced.  When the Court finds that the language of a statute is plain, that conclusion does not constitute a new rule of law unless the statutory interpretation departs from the Court's own precedent.  When a decision does not constitute a new rule, the retroactivity analysis ends.  (pp. 6-7)

3.  Subsection a of N.J.S.A. 2C:44-5 provides that "[n]ot more than one sentence for an extended term shall be imposed."  Subsection b provides that, "[w]hen a defendant who has previously been sentenced to imprisonment is subsequently sentenced to another term for an offense committed prior to the former sentence . . . (1) The multiple sentences imposed shall so far as possible conform to subsection a."  In Hudson, supra, the Court held that the "so far as possible" qualifier is triggered only when compliance cannot be achieved, as, for example, when the second extended-term sentence is mandatory.  209 N.J. at 534-35.  (pp. 7-9)

4.  The Court reviews pre-Hudson cases that interpreted N.J.S.A. 2C:44-5 and notes that they focused on subsection a, not on subsection b.  Because no precedent on subsection b existed, precedent did not dictate an opposite result. Hudson neither broke new ground, nor imposed a new obligation on the State.  Hudson represents an enunciation of the statutory language present since the statute's enactment in 1978, and the prohibition against imposing two discretionary extended-term sentences is simply the rule that has, or should have, always been applied.  As a result,

1

the Court does not delve any further into the retroactivity analysis, but rather analyzes defendant's sentence under the rule espoused in <u>N.J.S.A.</u> 2C:44-5(b)(1) since the statute's enactment. (pp. 9-11)

5. The Court agrees with the Appellate Division that, under the strictures of <u>N.J.S.A.</u> 2C:44-5(b)(1), defendant's sentence is illegal and cannot stand. Because the sentence in indictment 1263 is the only one before the Court, that is the sentence that the trial court should revisit. (p. 11)

6. In future cases, where a reviewing court is considering two or more sentences under this statute, the State may choose which indictment it seeks an extended term for at a new sentencing hearing, so long as defendant is credited for any portion of the extended sentence that defendant may have already served. (pp. 11-12)

The judgment of the Appellate Division, vacating the second extended-term sentence and remanding the matter to the trial court for resentencing, is **AFFIRMED**.

**CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, and SOLOMON join in JUSTICE TIMPONE's opinion.**

2

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

       v.

RODNEY BULL,

    Defendant-Respondent.


        Argued October 11, 2016 – Decided January 23, 2017

        On certification to the Superior Court, Appellate Division.

        Kimberly L. Donnelly, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for appellant (Grace H. Park, Acting Prosecutor of Union County, attorney).

        Peter T. Blum, Assistant Deputy Public Defender, argued the cause for respondent (Joseph E. Krakora, Public Defender, attorney).


    JUSTICE TIMPONE delivered the opinion of the Court.

    In 1991 and 1992, defendant Rodney Bull was sentenced to two extended-term sentences, the second of which was imposed for crimes that occurred before defendant's first sentencing took place.  In 2012, we held that the plain language of N.J.S.A. 2C:44-5(b)(1) prohibits the imposition of a second discretionary extended-term sentence for an offense committed before entry of

1

the first extended-term sentence.  State v. Hudson, 209 N.J. 513, 517 (2012).

There is no question that defendant's second extended-term sentence would be illegal under Hudson:  it fits foursquare within the statutory prohibition, as the State concedes.  The only question before us, therefore, is whether Hudson should be applied retroactively.

We find that Hudson illuminated a longstanding rule of law rather than announce a new one.  We accordingly affirm the Appellate Division's determination that Hudson applies retroactively as consistent with our well-established retroactivity jurisprudence.

I.

Defendant was tried and convicted for a series of crimes that occurred within ten days of each other.  He was charged in two separate indictments that involved two robberies on separate days, each of which affected one victim.

The second indictment (indictment 1896) charged defendant with several crimes committed on April 20, 1990:  first-degree robbery, N.J.S.A. 2C:15-1(b); third-degree terroristic threats, N.J.S.A. 2C:12-3(b); second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1); first-degree attempted murder, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:11-3(b); fourth-degree unlawful possession of a

weapon, N.J.S.A. 2C:39-5(d); and third-degree possession of a weapon for unlawful purposes, N.J.S.A. 2C:39-4(d).

The first indictment (indictment 1263) charged defendant with crimes that occurred on April 30, 1990: first-degree robbery, N.J.S.A. 2C:15-1(b); second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1); third-degree aggravated criminal sexual contact, N.J.S.A. 2C:14-3(a); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d); third-degree possession of a weapon for unlawful purposes, N.J.S.A. 2C:39-4(d); and third-degree terroristic threats, N.J.S.A. 2C:12-3(b).

In March 1991, a jury found defendant guilty of all counts of indictment 1896 except attempted murder. In May 1991, the trial court sentenced defendant to a discretionary extended term of fifty years (the first extended term) with eighteen years of parole ineligibility pursuant to N.J.S.A. 2C:44-3.

On indictment 1263, a jury acquitted defendant of the robbery and sexual misconduct charges but found defendant guilty of all other counts in June 1992. In October 1992, the trial court sentenced defendant to a discretionary extended term of twenty years (the second extended term), with ten years of parole ineligibility on the aggravated assault conviction. The sentence for unlawful possession of a weapon ran concurrently to the aggravated assault term, but defendant received a consecutive term of five years for the terroristic threats

3

conviction. Defendant's sentence on the second conviction for indictment 1263 thus totaled twenty-five years, with ten years of parole ineligibility. The aggregate of defendant's convictions resulted in a total sentence of seventy-five years, with twenty-eight years of parole ineligibility.

In 2012, defendant filed a motion to correct an illegal sentence, arguing that the imposition of two discretionary extended-term sentences constituted an illegal sentence under Hudson. The trial court denied that motion as well as defendant's motion for reconsideration.

The Appellate Division found that Hudson did not articulate a new rule of law and therefore found a retroactivity analysis unnecessary. In an unpublished opinion, the panel applied the plain language of N.J.S.A. 2C:44-5(b)(1), vacated the second extended term as an illegal sentence, and remanded for resentencing. We granted the State's petition for certification. State v. Bull, 224 N.J. 124 (2016).

## II.

The State recognizes that defendant would have prevailed on his appeal had the appeal arisen after Hudson because the facts indisputably confirm the seconded extended term to be an illegal sentence. The State disputes only the retroactive application of Hudson's holding to defendant, asserting that Hudson created

4

a new rule of law and that new rules generally are applied prospectively.

The State contends that the Appellate Division improperly extended the holding in Hudson retroactively because Hudson "broke new ground in interpreting N.J.S.A. 2C:44-5(b)(1)." The State argues that all three factors of this Court's test to determine whether a new rule should be given retroactive effect favor limiting Hudson's holding to prospective application: first, Hudson's purpose would not be undermined by limiting the rule to prospective effect because defendant's sentence was legal when imposed; second, there was substantial reliance on pre-Hudson interpretations of N.J.S.A. 2C:44-5 because no contrary law existed; third, retroactive application of the rule set forth in Hudson would "wreak havoc" on the administration of justice by jeopardizing the finality of judgment in many cases.

Defendant disputes the "new rule" conclusion underpinning the State's argument. Defendant argues instead that Hudson did not create a new rule of law and that the decision merely implemented the pre-existing legislative decree by interpreting a statute that has always been part of the sentencing code. In support of that position, defendant emphasizes this Court's description of the statutory language in Hudson as plain, unambiguous, and straightforward. Although defendant finds that the three-factor retroactivity analysis is unnecessary here,

5

defendant nevertheless asserts the factors, on balance, weigh in favor of retroactivity because it would serve the underlying purpose of the rule -- to establish legal sentences.

## III.

Under Rule 3:21-10(b)(5), "a motion may be filed and an order may be entered at any time" to correct an illegal sentence. Because defendant's sentence would manifestly violate N.J.S.A. 2C:44-5(b)(1) if imposed today, our task is to determine whether our illumination of that statute in Hudson applies retroactively to defendant's twenty-four-year-old sentence.

The threshold question in a retroactivity analysis is whether a new rule of law has been announced. State v. Feal, 194 N.J. 293, 307 (2008) (citing State v. Colbert, 190 N.J. 14, 22 (2007); State v. Molina, 187 N.J. 531, 542-43 (2006); State v. Cummings, 184 N.J. 84, 96-97 (2005)).

A new rule of law exists when: (1) there is a "sudden and generally unanticipated repudiation of a long-standing practice," State v. Purnell, 161 N.J. 44, 53 (1999) (quoting State v. Afanador, 151 N.J. 41, 58 (1997)); (2) when the rule "breaks new ground or imposes a new obligation on the States or the Federal Government[;] . . . [or (3) when] the result was not dictated by precedent existing at the time the defendant's conviction became final," State v. Lark, 117 N.J. 331, 339

(1989) (quoting Teague v. Lane, 489 U.S. 288, 301, 109 S. Ct. 1060, 1069, 103 L. Ed. 2d 334, 349, reh'g denied, 490 U.S. 1031, 109 S. Ct. 1771, 104 L. Ed. 2d 206 (1989)).

When the Court finds that the language of a statute is plain, that conclusion does not constitute a new rule of law unless the statutory interpretation departs from our own precedent.  See Afanador, supra, 151 N.J. at 57-59 (holding that Court's interpretation of jury instruction to make implicit elements of crime explicit does not constitute new rule of law).

If we find that a new rule has been created, we apply a three-factor test to determine whether that new rule should be applied retroactively.  See, e.g., Feal, supra, 194 N.J. at 308. When a decision does not constitute a new rule, however, the retroactivity analysis ends.  Ibid.

IV.

A.

N.J.S.A. 2C:44-5 is one of several statutes within our comprehensive statutory sentencing scheme.  The Legislature has specified that one of the overarching objectives of our statutory sentencing scheme is "[t]o give fair warning of the nature of the sentences that may be imposed on conviction of an offense."  N.J.S.A. 2C:1-2(b)(5).

Toward that end, N.J.S.A 2C:44-5 provides direction for courts to follow when ordering multiple sentences:

a. Sentences of imprisonment for more than one offense. When multiple sentences of imprisonment are imposed on a defendant for more than one offense, including an offense for which a previous suspended sentence or sentence of probation has been revoked, such multiple sentences shall run concurrently or consecutively as the court determines at the time of sentence, except that:

. . .

(2) Not more than one sentence for an extended term shall be imposed.

[N.J.S.A. 2C:44-5(a).]

Subsection b is entitled "Sentences of imprisonment imposed at different times" and states, in pertinent part, that

[w]hen a defendant who has previously been sentenced to imprisonment is subsequently sentenced to another term for an offense committed prior to the former sentence, other than an offense committed while in custody:

(1) The multiple sentences imposed shall so far as possible conform to subsection a. of this section[.]

[N.J.S.A. 2C:44-5(b).]

In Hudson, supra, this Court addressed the meaning of subsection b:

Subsection b's plain language applies subsection a's bar against imposing a sentence comprised of more than one extended term for the conviction of an offense which was committed prior to the imposition of the defendant's current extended-term sentence but for which defendant is being sentenced after the imposition of the first extended sentence.

[209 N.J. at 517 (emphasis added).]

8

In addressing the "so far as possible" qualifier in subsection (b)(1), we rejected the view that this phrase meant subsection b's incorporation of subsection a was discretionary. Id. at 517-18. Instead, we interpreted "so far as possible" to mean that the prohibition against multiple extended-term sentences is the default. Id. at 534. The "so far as possible" qualifier is triggered only when compliance cannot be achieved, as, for example, when the second extended-term sentence is mandatory. Id. at 535. Thus, Hudson stands for the proposition that, under N.J.S.A. 2C:44-5(b), the imposition of a second extended term for offenses committed prior to the imposition of a first extended-term sentence is illegal unless unavoidable. See id.

B.

In order to determine whether Hudson constitutes a new rule of law, we review pre-Hudson jurisprudence surrounding N.J.S.A. 2C:44-5. The State cites two Appellate Division decisions for the proposition that Hudson represented a new rule: State v. Reldan, 231 N.J. Super. 232 (App. Div. 1989), certif. denied, 121 N.J. 598 (1990), and State v. Williams, 299 N.J. Super. 264 (App. Div. 1997). Neither case interprets subsection b or implicates its prohibition.

In Reldan, supra, 231 N.J. Super. at 236, the defendant was incarcerated for conspiracy to commit murder. While incarcerated, the defendant attempted an escape. Id. at 234.

9

He pled guilty to conspiracy to commit escape and possession of a weapon for an unlawful purpose. Ibid. The defendant's attempted-escape and weapon-possession offenses clearly were not committed before imposition of the first sentence; rather, they were committed while the defendant was serving his first sentence. The Appellate Division cited only subsection a of N.J.S.A. 2C:44-5. Id. at 238. Subsection b was not implicated by the facts of the case.

Similarly, in Williams, supra, 299 N.J. Super. at 267, the defendant was convicted and sentenced on multiple counts of burglary and theft. A little over a year after his conviction, the defendant was again arrested for burglary and theft while on probation. Id. at 268. Nowhere in the opinion is there a discussion of subsection b. Rather, the Appellate Division in Williams relied on the reasoning in Reldan and its analysis of subsection a. Id. at 272-73.

Neither of those cases, nor any others, suggest that Hudson articulated a new rule of law. Hudson was a case of first impression for this Court. Because no precedent on subsection b existed, precedent did not dictate an opposite result. Hudson did not espouse a new rule of law because it did not suddenly repudiate a longstanding principle. Hudson neither broke new ground, nor imposed a new obligation on the State. See Lark, supra, 117 N.J. at 339.

10

In Hudson, we simply discerned the meaning of the statute from its plain language. When the plain language of the statute itself answers the interpretive question posed by a case, saying so does not constitute a new rule of law. Afanador, supra, 151 N.J. at 57. Hudson represents an enunciation of the statutory language present since the statute's enactment in 1978, and the prohibition against imposing two discretionary extended-term sentences is simply the rule that has, or should have, always been applied. As a result, we need not delve any further into the depths of retroactivity analysis. Rather, we analyze defendant's sentence under the rule espoused in N.J.S.A. 2C:44-5(b)(1) since the statute's enactment.

We agree with the Appellate Division that, under the strictures of N.J.S.A. 2C:44-5(b)(1), defendant's sentence is illegal and cannot stand. Because the sentence in indictment 1263 is the only one before us, that is the sentence that the trial court should revisit. In future cases, where a reviewing court is considering two or more sentences under this statute, the State may choose which indictment it seeks an extended term for at a new sentencing hearing, so long as defendant is credited for any portion of the extended sentence that defendant may have already served. State v. Robinson, 217 N.J. 594, 611 (2014).

11

In sum, Hudson did not create a new rule; it merely illuminated an old one.  Hudson's illumination of N.J.S.A. 2C:44-5(b) applies to this pre-Hudson case, and defendant must receive a new, legal sentence.

V.

The judgment of the Appellate Division, vacating the second extended-term sentence and remanding the matter to the trial court for resentencing, is affirmed.


CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, and SOLOMON join in JUSTICE TIMPONE's opinion.