**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2408-15T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

NATASHA MALAVE,

    Defendant-Appellant.

_____

Submitted March 30, 2017 - Decided June 22, 2017

Before Judges Lihotz and Whipple.

On appeal from Superior Court of New Jersey,
Law Division, Camden County, Accusation No.
13-11-3357.

Joseph E. Krakora, Public Defender, attorney
for appellant (Lon Taylor, Assistant Deputy
Public Defender, of counsel and on the brief).

Mary Eva Colalillo, Camden County Prosecutor,
attorney for respondent (Patrick D. Isbill,
Assistant Prosecutor, of counsel and on the
brief).

PER CURIAM

    Defendant Natasha Malave appeals from a January 20, 2016

judgment of conviction for violating probation and the imposed

364-day county jail sentence. On appeal, defendant argues:

THE TRIAL COURT, WITHOUT ANY HEARING, IMPROPERLY RELINQUISHED DETERMINATION OF RECORD DISCLOSURE TO THE PROBATION DEPARTMENT IN RESPONSE TO [DEFENDANT'S] SUBPOENA IN PREPARATION FOR A [VIOLATION OF PROBATION] HEARING.

Following a review of the facts and applicable law, we affirm.

We summarize the facts relevant to the instant appeal. Defendant pled guilty to fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d), and on February 7, 2014, was sentenced to a one-year term of supervised probation. After a second violation of the conditions of probation, defendant subpoenaed records regarding her violations of probation (VOP), which were released pursuant to a protective order.

During the January 8, 2016 hearing on the alleged VOP, Deron Bunton, defendant's probation officer, testified regarding defendant's six missed probation meetings, her failure to enroll and complete anger management classes, her failure to pay the monthly probation fees, and her failure to report her change of address.[1] He explained she last contacted him in April 2015 and related his unsuccessful efforts to locate her at two separate addresses. On cross-examination, the probation officer admitted defendant failed to cancel or reschedule dates she was unable to

---

[1] The probation officer noted the missed meetings occurred on March 19, May 18, June 15, June 22, June 29 and July 6, 2015.

attend; she did, however, explain she was unable to pay the fee for anger management classes.

Defendant also testified. She explained her obligation to care for two young children, her inability to pay for anger management classes and her insistence she lived at the address provided to the Probation Division. Defendant's testimony during the VOP hearing did not dispute her failure to appear, but suggested it resulted because her mother was unavailable to care for her infant. She noted she appeared in April 2015, with her baby, and her probation officer specifically instructed her not to bring her infant to the next appearance because it was unsafe. Defendant did not state she attempted to notify Probation of her child care problems after this date nor did she question her probation officer on this point during the hearing.

Following the close of evidence, the trial judge issued an oral opinion. He credited Bunton's testimony as clear, concise, and consistent. The judge found defendant did not inform probation or seek to obtain an excused absence, but "it was just an election on the part of [defendant] not to show up." He also found she failed to provide a valid address. Based on these facts, the judge concluded the State established, by clear and convincing evidence, defendant failed to substantially comply with conditions

3

of probation for which he imposed a 364-day county jail, reduced by 224 days jail credit.

"We accord substantial deference to a trial court's issuance of a discovery order and will not interfere with such an order absent an abuse of discretion," however, we accord no deference to the trial court's interpretation of the meaning or scope of a court rule. State v. Hernandez, 225 N.J. 451, 461 (2016) (citing State ex rel A.B., 219 N.J. 542, 554-55 (2014)). While a violation of probation proceeding is not a "stage in a criminal prosecution," State v. Lavoy, 259 N.J. Super. 594, 601 (App. Div. 1992) (quoting State v. Reyes, 207 N.J. Super. 126, 134 (App. Div.), certif. denied, 103 N.J. 499 (1986)), discovery in these matters is governed by our rules governing criminal practice. Ibid. (citing R. 3:1-1).

To prevail on a VOP, the State must prove by a preponderance of the evidence, a defendant has "inexcusably failed to comply with a substantial requirement" imposed as a condition of probation. Reyes, supra, 207 N.J. Super. at 137. The State has no obligation to prove "excusability" for the alleged violations. Id. at 139.

Courts may issue protective orders to limit discovery of "confidential information recognized by law." R. 3:13-3(e)(1).

This includes records made confidential by <u>Rule</u> 1:38-3(f)(5), "pertaining to persons on probation."

On appeal, defendant argues the protective order, issued without a hearing, wrongfully limited discovery of her probation file.[2] Defendant does not challenge Probation's compliance with the terms of the judge's order, rather she suggests the judge improperly abrogated his responsibility to determine what information in her file was and was not relevant. She maintains the failure to release her entire file, violated her rights of due process.

We find no abuse of discretion by the judge's order to protect confidential portions of the file, not relevant or necessary to prove defendant's claim she contacted her probation officer to explain her childcare difficulties. Further, in light of her admission of failing to appear, defendant's claimed due process violations are unavailing as she does not explain what should have been provided, what was inappropriately redacted or how any unrevealed information would alter the outcome. We conclude the order properly balanced defendant's right to discovery, <u>R.</u> 3:13-

---

[2] The protective order limited discovery to "relevant" evidence of defendant's contact with the Probation Division and compelled the Division to produce "all documents and . . . notes that [were] relevant" to the charges against defendant, as redacted.

3, with the Division's need to maintain its confidential of its internal records. R. 1:38-3(f)(5).

As to defendant's argument her violations were not willful or substantial, we are not persuaded. This was defendant's second violation of the very clear terms and conditions of her sentence. She did not relate her inability to comply on the dates scheduled, or attempt to reschedule when she missed an appointment. Also, she moved without notice, requiring Probation to locate her to continue its monitoring. The conditions of probationary release were designed to assure defendant's continued law abiding conduct. Her efforts to defeat these requirements, despite knowledge of the consequences, cannot be overlooked. For three months she failed to report and could not be located at either address on file. These facts are significant and support the judge's finding her violations were willful and substantial.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6

A-2408-15T2