NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2870-14T3

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

JESSE CHAMBERS, a/k/a
JESSIE D. CHAMBERS, a/k/a
DION POPE, a/k/a DION E.
ANDERSON, a/k/a JOE SANDERS,
a/k/a DION A. CHAMBERS,

 Defendant-Appellant.
_________________________________

 Argued September 14, 2017 – Decided October 27, 2017

 Before Judges Simonelli, Haas and Rothstadt.

 On appeal from Superior Court of New Jersey,
 Law Division, Middlesex County, Indictment
 Nos. 09-02-0329, 13-01-0059 and 13-03-0340.

 Elizabeth C. Jarit, Assistant Deputy Public
 Defender, argued the cause for appellant
 (Joseph E. Krakora, Public Defender, attorney;
 Ms. Jarit, of counsel and on the brief).

 Joie D. Piderit, Assistant Prosecutor, argued
 the cause for respondent (Andrew C. Carey,
 Middlesex County Prosecutor, attorney; Ms.
 Piderit, of counsel and on the brief).

 Appellant filed a pro se supplemental brief.

PER CURIAM
 Defendant Jesse Chambers appeals from his judgment of

conviction entered after the Law Division accepted his guilty

plea to committing violations of probation (VOP). Defendant

challenges his conviction and his sentence to a twelve-year term

with a fifty-four-month period of parole ineligibility imposed

by the VOP court on August 28, 2014. On appeal, defendant

specifically argues:

 POINT I

 CHAMBERS WAS DENIED HIS RIGHT TO
 DUE PROCESS BECAUSE THE COURT
 FAILED TO HOLD A HEARING TO
 DETERMINE WHETHER CHAMBERS HAD
 VIOLATED THE CONDITIONS OF
 PROBATION, AND PLACED THE BURDEN
 OF PROOF ON THE DEFENDANT TO
 [ESTABLISH] HIS INNOCENCE.

 POINT II

 CHAMBERS' RIGHTS TO DUE PROCESS
 AND CONFRONTATION WERE VIOLATED BY
 THE COURT'S PRESUMED RELIANCE ON
 AN UNCERTIFIED LAB REPORT AND THE
 ALLEGATIONS WITHOUT REQUIRING LIVE
 TESTIMONY. (Partially Raised
 Below).

 A. RELIANCE ON THE
 ALLEGATIONS READ INTO THE RECORD
 AND ON AN UNCERTIFIED LAB REPORT
 VIOLATED THE DEFENDANT'S RIGHTS TO
 DUE PROCESS AND CONFRONTATION.

 B. EVEN IF THE ADMISSION OF
 AND RELIANCE UPON THIS EVIDENCE
 WAS PROPER, IT WAS INSUFFICIENT TO

 2 A-2870-14T3
SUBSTANTIATE THE CHARGES AGAINST
THE DEFENDANT.

POINT III

CHAMBERS WAS DENIED HIS RIGHT TO
DUE PROCESS AND TO CONTEST THE
CHARGES AGAINST HIM BY THE COURT'S
REFUSAL TO GRANT AN ADJOURNMENT.

POINT IV

REVOCATION OF CHAMBERS' PROBATION
BASED ON A MISSED PAYMENT OF COURT
FINES BECAUSE HE WAS INCARCERATED
VIOLATED EQUAL PROTECTION,
FUNDAMENTAL FAIRNESS, AND DUE
PROCESS.

POINT V

TERMINATION OF CHAMBERS' PROBATION
BASED ON THE CHARGES TO WHICH HE
PLED GULITY WAS IMPROPER AND NOT
WARRANTED.

 A. THE GUILTY PLEAS WERE
NOT KNOWING OR VOLUNTARY.

 B. REVOCATION OF PROBATION
BASED ON THE NEW CHARGES VIOLATED
CHAMBERS' PLEA AGREEMENT
CONCERNING THOSE OFFENSES AND
IMPLICATED DOUBLE JEOPARDY
CONCERNS.

 C. THE THREE OLD DRUG TESTS
DO NOT SUPPORT THE COURT'S
DECISION TO TERMINATE CHAMBERS'
DRUG COURT SPECIAL PROBATION.

POINT VI

A REMAND FOR RESENTENCING IS
REQUIRED BECAUSE THE COURT IMPOSED

 3 A-2870-14T3
 AN EXCESSIVE SENTENCE, FAILED TO
 ABIDE BY THE CRIMINAL CODE, AND
 SUMMARILY IMPOSED THE "ALTERNATIVE
 SENTENCE" WITHOUT CONDUCTING AN
 INDIVIDUALIZED SENTENCING
 ASSESSMENT.

 We conclude from our review of the record that defendant's

VOP convictions based upon his guilty plea to certain charges

must be vacated because the VOP court failed to accept

defendant's guilty plea in a manner consistent with Rule 3:9-2.

 The facts we glean from the record can be summarized as

follows. Defendant was indicted in 2009 and 2013 for charges

related to his possession of controlled dangerous substances

(CDS). In 2009, defendant pled guilty pursuant to a plea

agreement to one offense in exchange for the State's recommended

five-year sentence to Drug Court special probation, N.J.S.A.

2C:35-14. When defendant was indicted in 2013, the State again

recommended that he continue his probation in Drug Court rather

than terminate him from the program and sentence him to State

prison.

 Both plea agreements contained alternate sentences that

would be imposed if defendant did not satisfactorily complete

Drug Court. Under defendant's 2009 plea agreement, the State

recommended an alternative sentence of nine years with a fifty-

four month period of parole ineligibility. The 2013 plea

 4 A-2870-14T3
agreement called for a three-year alternate sentence that would

run consecutive to the 2009 sentence. When the court accepted

defendant's 2013 plea, it confirmed that he understood that if

he violated probation by not satisfactorily completing Drug

Court, he would be facing a twelve-year term with a fifty-four

month period of parole ineligibility.

 In July 2014, defendant was charged with four counts of

violating his probation. The first charge alleged that in 2011,

2012 and 2014, defendant tested positive for various CDS. The

second charge related to defendant being charged with the two

new offenses that led to his 2013 guilty plea and his

continuation in Drug Court. The third charge alleged that

defendant had been non-compliant with Drug Court because he was

discharged from two treatment programs, one in 2009, and one in

2014. The final charge alleged that defendant failed to pay

"[c]ourt imposed financial obligations," claiming that up until

July 18, 2004, defendant only paid $2004 out of the $4952

imposed fines as part of his sentences, with the last payment

made on June 4, 2014.

 At the ensuing VOP hearing on August 28, 2014, the VOP

judge first addressed defendant's objections to the admission of

certain lab reports that the State intended to rely upon to

prove defendant tested positive for CDS while in Drug Court.

 5 A-2870-14T3
The judge rejected defendant's argument, denied his adjournment

request, and proceeded to address the VOP charges.

 The VOP judge spoke directly to defendant and elicited from

him confirmation that he committed some of the charged offenses.

The colloquy with the defendant consisted of the judge asking

defendant how he was pleading, and defendant either explaining

what he did that supported the violation or why he was not

guilty of the charge. The judge then gave defense counsel an

opportunity to place on the record anything she wanted to

"substantiate [defendant's] not guilty pleas." After

considering statements from defense counsel, a member of the

community who spoke on defendant's behalf, the prosecutor, and

defendant, the VOP judge proceeded to recount defendant's

experience in Drug Court and his failure to succeed despite the

support he received in that program. The judge turned to

defendant's guilty plea to some of the charges and stated:

 I am accepting his guilty pleas in light of
 what his statement was, in light of his plea
 of guilty, in light of the fact that I do
 not find that [defendant] is under the
 influence of any narcotic or drug that would
 impair his ability to understand these
 proceedings and make the decision that he
 has made with regard to entering guilty
 pleas.

 The judge concluded the hearing by addressing each of the

charges and, based on defendant's guilty plea and a finding that

 6 A-2870-14T3
the preponderance of the evidence established a violation, the

judge found that defendant violated probation. The judge

immediately sentenced defendant in accordance with the alternate

sentences in his plea agreements to an aggregate term of twelve

years with fifty-four months of parole ineligibility. This

appeal followed.

 Our review of a trial judge's fact finding underlying a

violation of probation is "exceedingly narrow." See State v.

Locurto, 157 N.J. 463, 470 (1999); see also State v. Johnson, 42

N.J. 146, 161-62 (1964). We defer to the lower court's findings

of fact, especially those that are substantially influenced by

the trial judge's "opportunity to hear and see the witnesses and

to have the feel of the case." State v. Elders, 192 N.J. 224,

244 (2007). Thus, we will not disturb a court's finding of a

violation of probation when supported by sufficient credible

evidence in the record. See Johnson, supra, 42 N.J. at 162.

 We apply a similar standard of review to a trial court's

findings when a defendant pleads guilty. We "consider[]

'whether the findings made could reasonably have been reached

on sufficient credible evidence present in the record.'" State

v. Campfield, 213 N.J. 218, 229 (2013)(quoting Locurto, supra,

157 N.J. at 471).

 7 A-2870-14T3
 We conclude from our review that we are constrained to

vacate defendant's conviction for violating probation because

the VOP judge did not satisfy the requirements of Rule 3:9-2

when she accepted defendant's guilty plea. Although the Rule

does not mention guilty pleas to VOPs, we previously stated that

"[w]e perceive no practical difference between a plea to a

criminal charge and a plea to a violation of probation," and

held that the Rule's requirements must be followed in VOP

proceedings. State v. Lavoy, 259 N.J. Super. 594, 602-03 (App.

Div. 1992).

 The Rule requires that the VOP judge address

 defendant personally . . . and determin[e]
 by inquiry of the defendant . . . that there
 is a factual basis for the plea and that the
 plea is made voluntarily, not as a result of
 any threats or of any promises or
 inducements not disclosed on the record, and
 with an understanding of the nature of the
 charge and the consequences of the plea.

 [Rule 3:9-2]

 To satisfy the Rule's requirements, a trial court

 should inquire "among other things, (1)
 whether anyone had forced, threatened, or
 put [defendant] under pressure to plead
 guilty, (2) whether the defendant understood
 that he was relinquishing certain
 constitutional rights, (3) whether the
 defendant understood the nature of the
 charge and content of the sentencing
 recommendation, and (4) whether the

 8 A-2870-14T3
 defendant was in fact guilty of the specific
 charge[.]"

 [Campfield, supra, 213 N.J. at 230-31
 (quoting State ex rel. T.M., 166 N.J. 319,
 336 (2001)).]

 We have carefully examined the record to determine whether

the VOP judge complied with the Rule's requirements and conclude

that the judge did not satisfy all of them. There was no

attempt by the judge to ascertain whether defendant understood

the charges against him, or that he was pleading guilty

voluntarily, without coercion, and that his plea was not the

result of any undisclosed promises or agreements. Further, the

judge made no inquiry as to whether defendant, a known drug

user, was under the influence of CDS or any other drug that

would interfere with his understanding of the proceedings or the

consequences of his plea. The judge also did not review in

detail with defendant that a guilty plea to the VOP could result

in the court imposing the substantial alternative sentence that

was part of his original plea agreements. Other than addressing

defendant about facts that would support a guilty plea, the

judge did not attempt any further compliance with the Rule.

Under these circumstances, the VOP judge's acceptance of

defendant's guilty plea was a mistaken exercise of her

discretion.

 9 A-2870-14T3
 Because we are vacating defendant's VOP judgment of

conviction and remanding for a new hearing, we need not address

defendant's other appellate arguments.

 Defendant's guilty plea to the violations of probation and

the resulting amended judgments of conviction are vacated. The

matter is remanded to the trial court for a new hearing. We do

not retain jurisdiction.

 10 A-2870-14T3