**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2126-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ANDRON L. ACCOO, a/k/a
NARON MOBLEY, and
LENAIR L. ACCOO,

     Defendant-Appellant.

_____

Submitted February 13, 2019 – Decided March 6, 2019

Before Judges Koblitz, Currier and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Monmouth County, Indictment Nos. 14-08-1354 and 15-04-0738.

Joseph E. Krakora, Public Defender, attorney for appellant (Alicia J. Hubbard, Assistant Deputy Public Defender, of counsel and on the briefs).

Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Monica L. do Outeiro, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Andron L. Accoo appeals from his two March 20, 2017 convictions for third-degree possession of cocaine, N.J.S.A. 2C:35-10(a)(1). He pled guilty to both single-count indictments after the June 28, 2014 denial of his motion to suppress the cocaine that formed the basis for Indictment No. 14-08-1354. The judge sentenced him concurrently to three years of probation on the two indictments. Shortly thereafter, defendant pled guilty to a violation of probation and his probation was extended for an additional year on July 10, 2017. He now appeals, disputing the denial of his motion to suppress and the factual basis for the violation of probation. After reviewing the record in light of the contentions advanced on appeal, we affirm.

## Search

The testimony at the suppression hearing revealed the following. Having received information from a confidential informant that defendant was selling drugs, and knowing that defendant had an active child support arrest warrant against him, two police officers stopped a Jeep Cherokee driven by a woman with defendant in the back seat. As one officer approached the Jeep, he smelled burnt marijuana and saw a burnt marijuana cigarette in the rear passenger door

handle. The officer asked defendant to exit the car, and noticed "an off-white rock-like substance" on defendant's seat.

The officers spoke to the driver, who told them that defendant and his son were "temporarily staying" with her. She pulled a bag of cocaine from her pocket and told the police defendant had asked her to hide it. While standing in front of the jeep, the driver consented in writing to the search of her car and house. Defendant, who was under arrest and secured at the rear of the Jeep, was within "earshot" of the driver's discussion with the police. The police found a plastic bag containing marijuana, cocaine, heroin, scales and bags on a table in the living room of the driver's home. In his factual basis for the plea, defendant admitted only to the cocaine found on his car seat.

Defendant raises the following search issue on appeal:

> POINT I: THE WARRANTLESS ENTRY AND SEARCH WERE NOT JUSTIFIABLE UNDER A THEORY OF THIRD-PARTY CONSENT, AND VIOLATED MR. ACCOO'S RIGHTS UNDER U.S. CONST. AMENDS. IV, XIV; N.J. CONST. ART. 1, PAR. 7.

Defendant does not dispute the validity of the car search, which revealed the cocaine defendant admitted possessing. He argues that he would not have pled guilty to the cocaine found in the car had the cocaine in the home not been found. The State does not contend that under these circumstances defendant

should be precluded from arguing the merits of the home search, and we therefore consider defendant's argument.

In State v. Lamb, our Supreme Court set forth general principles that apply to home searches.

> "[O]ur jurisprudence expresses a clear preference for police officers to secure a warrant before entering and searching a home." State v. Brown, 216 N.J. 508, 527, (2014). Warrantless searches are presumptively invalid. When a defendant challenges a warrantless search of a home, the State bears the burden of proving by a preponderance of the evidence that the search falls within one of the recognized exceptions to the warrant requirement.
>
> [State v. Lamb, 218 N.J. 300, 314-15 (2014) (citations omitted).]

Defendant argues that the homeowner's consent was insufficient to allow a search of the home where he was living. He relies on Georgia v. Randolph, 547 U.S. 103 (2006), Fernandez v. California, 571 U.S. 292 (2014) and Lamb. Randolph determined that a search where one tenant consented and the other tenant did not, where both tenants were present and were asked for consent, was not valid as against the non-consenting tenant. 547 U.S. at 114-15. In Fernandez, the United States Supreme Court determined that a co-tenant absent due to arrest lost his right to object to the search. 571 U.S. at 303. In Lamb, our Supreme Court discussed Fernandez:

4

Recently, the Supreme Court underscored the limited scope of Randolph in Fernandez . . . by refusing to extend its ruling in Randolph to a situation in which a co-occupant consented to a search of the home she shared with the defendant after his arrest and removal from the scene. In Fernandez, the defendant was charged with various offenses, including robbery, and moved to suppress the evidence seized from the search based on his prior refusal to consent to a search of the apartment. In affirming the denial of his motion to suppress, the Court reiterated that the consent of one resident of jointly occupied premises is generally sufficient to justify a warrantless search. The Court characterized the rule in Randolph as "a narrow exception," and emphasized that the rule is premised on the physical presence of the objecting occupant. [Randolph, 571 U.S. at 294].

[Lamb, 218 N.J. at 317 (citations omitted).]

Here, defendant either heard the police request consent to the search from the back of the car and chose not to speak up, or he was effectively absent from the discussion due to his arrest. Randolph noted that a tenant "nearby, but not invited to take part in the threshold colloquy, loses out." 547 U.S. at 121. The police are not required to obtain the consent of all available tenants. We thus affirm the denial of defendant's motion to suppress the home search.

### Violation of Probation

When defendant was sentenced on March 3, 2017, he stated he had recently smoked marijuana and would probably test positive. The judge warned

him a future failure to report or positive drug test would result in a violation of probation. The following month, defendant was arrested for terroristic threats, N.J.S.A. 2C:12-3(b). On April 20, 2017, he was charged with a violation of probation based on that arrest, his testing positive for THC four days after sentencing, failing "to provide verification of [AA/NA] meetings, sponsor, home group and commitment," and failing to make any payment toward his "financial obligation" imposed at sentencing. By the time of the violation of probation hearing, the terroristic threat charge had been dismissed.

Defendant maintained in his factual basis that he had not ingested marijuana during the three days between sentencing and testing, and that although he failed to provide verification, he had obtained the required treatment. He admitted he did not pay towards his fines and fees until after the violation of probation was filed.

Defendant raises the following issue in connection with the violation of probation:

> POINT II: THE COURT FAILED TO [ELICIT] AN ADEQUATE FACTUAL BASIS TO ESTABLISH A VIOLATION OF VARIOUS GROUNDS ALLEGED IN THE VIOLATION OF PROBATION U.S. CONST. AMENDS. V, XIV; N.J. CONST. ART. 1, ¶ 7.
>
> A. A MERE ARREST DOES NOT CONSTITUTE A VIOLATION OF PROBATION.

A-2126-17T4

B. A PROHIBITION AGAINST TESTING POSITIVE FOR USE OF DRUGS, REGARDLESS OF WHEN THE DRUGS WERE INGESTED, NOT ONLY FAILS TO PROVE A VIOLATION OF THE TERMS OF PROBATION, BUT IS NOT SANCTIONED BY [N.J.S.A.] 2C:45-1.

C. THERE WAS NO FINDING THAT THE FAILURE TO PAY FINES WAS WILLFUL.

Defendant argues that he did not lay a sufficient factual basis at his guilty plea to a violation of probation. See R. 3:9-2; State v. Lavoy, 259 N.J. Super. 594, 602 (App. Div. 1992) ("There is the same need in the case of a plea to a violation of probation as with any other guilty plea to obtain a factual basis for the plea . . . ."). Although defendant minimized his culpability, he acknowledged not providing verification of his treatment and not paying the financial penalties before being charged with a violation of probation. He said he was self-employed and had made a payment towards his financial obligations after he was charged. Defendant did not contend he was unable to pay the court-ordered penalties, and actually offered evidence in support of this ability to pay. Nor did defendant offer any excuse for not reporting his ongoing compliance with treatment to the probation department. After a de novo review of defendant's factual basis, as required by State v. Urbina, 221 N.J. 509, 527-28 (2015), we affirm defendant's guilty plea to a violation of probation based on his admitted

willful failure to make a payment towards his fines and failure to inform the probation department of his treatment compliance.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION